# MARK v. DISTRICT OF COLUMBIA.

---

CERTIORARI; TAXES; AUTOMOBILES.

1. The writ of certiorari is not a writ of right, but its issuance rests in the sound discretion of the court (citing *District of Columbia* v. *Burgdorf*, 6 App. D. C. 465), and it will not be issued where there is another and adequate remedy available (following *Presbyterian Church* v. *District of Columbia*, 34 App. D. C. 600).

2. Even if a wheel tax on automobiles, when imposed in addition to their taxation under a general personal-tax law, is double taxation and

illegal, certiorari will not lie to vacate the assessment of such a tax, as the petitioner has another and adequate remedy, if the collection of the tax is attempted. (Citing *District of Columbia* v. *Chapman,* 25 App. D. C. 95.)

No. 2146.   Submitted October 17, 1910.   Decided November 1, 1910.

Hearing on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia dismissing a petition for the writ of certiorari to vacate an assessment of taxes.                                              *Affirmed.*

The facts are stated in the opinion.

*Mr. Eugene A. Jones* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the court.

This is an appeal from an order dismissing a petition for a writ of certiorari.

Le Roy Mark, on behalf of himself and all others similarly situated filed a petition for certiorari to vacate an assessment of $5 made by the assessor of the District of Columbia upon an automobile owned and operated by him.

It is alleged that automobiles are taxed as all other personal property under the taxing act of Congress of July 1, 1902, which tax has been annually paid by petitioner. That by the act of March 3, 1909, an automobile board was created, and it was provided that there shall be assessed and collected an annual wheel tax on all automobiles owned and operated in the District of Columbia, of $3 upon those having seats for only two persons, and $2 additional upon those having seats for more than two persons. That under this law an assessment of $5 had been made against petitioner, and entered upon the assessment rolls

as a charge against him. This is alleged to be double taxation and a violation of the rule of uniformity and equality.

In answer to the rule to show cause, the commissioners admitted the assessments in obedience to the law, the inequality of which they denied. They further alleged, supporting the same by affidavits, that the speed, weight, wheels, etc., of automobiles have a destructive effect upon the roads, considerably increasing the difficulty and cost of maintaining such roads in suitable condition for travel. A demurrer to the answer was overruled, and the petition dismissed.

There has been a lengthy discussion of the principles of taxation and the rule of equality, uniformity, and classification applying therein, with a citation of many authorities. We see no occasion to follow this discussion, or to determine the question raised therein, for the reason that the judgment denying the issuance of the writ must be affirmed upon another ground.

While the writ of certiorari has been recognized as a remedy, within the power of the district courts, in the case of illegal tax assessments, it is not a writ of right, but rests in the sound discretion of the court applied to therefor, and is to "be allowed with great caution, to avoid producing delay and embarrassment in matters of public concern; and it has been frequently refused on grounds of public convenience." *District of Columbia* v. *Burgdorf,* 6 App. D. C. 465. The writ will not be issued where there is another and adequate remedy available. *Presbyterian Church* v. *District of Columbia,* 34 App. D. C. 600–602.

Without intending to intimate that the assessment in this case is unequal, oppressive, and amounts to the taking of property without due process of law, we may assume, for the sake of the argument, that it is so. If, then, the property of the petitioner shall be seized or sold for the collection of the tax, or he be compelled to pay the tax, he will have an ample remedy for redress. See *District of Columbia* v. *Chapman,* 25 App. D. C. 95–98; *District of Columbia* v. *Glass,* 27 App. D. C. 576–580.

For the reason stated, the judgment will be affirmed with costs. *Affirmed.*